UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES WESLEY ELKINS,

    Plaintiff,

    v.      CAUSE NO.: 3:19-CV-55-PPS-MGG

ST. JOE COUNTY JAIL,

    Defendant.

## OPINION AND ORDER

Charles Wesley Elkins, a prisoner without a lawyer, filed a complaint against St. Joe County Jail raising several allegations. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Elkins alleges he is not receiving the same medications for his mental health he was taking before he was incarcerated. He also alleges he is not receiving grief counseling. However, a prisoner "is not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

He alleges he has been placed in solitary confinement. However, Elkins is a convicted prisoner and is not entitled to receive due process before being placed in

segregation because "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). He says solitary confinement is making his mental illness worse, but he does not say how. More importantly, he does not say who knows about his mental health problems. The only defendant is the jail, but the jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). To state a claim, Elkins must name an individual who personally knows about his need for mental healthcare and is deliberately indifferent because "public employees are responsible for their own misdeeds but not for anyone else's." *Palmer v. Marion Cty.*, 327 F.3d 588, 596 (7th Cir. 2003).

Elkins alleges jail officials are reading his mail. However, that alone does not violate the First Amendment. *See Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding the inspection of non-legal mail for contraband and listing examples of prohibited topics for letters, including "threats of physical harm, blackmail, extortion; plans to escape; [and] coded letters . . .."). He also alleges they throw away his mail and only give him notes of what the letters said. A jail may "confiscate an inmate's mail if confiscation 'is reasonably related to legitimate penological interests.'" *Williams v. Hansen*, 837 F.3d 809, 810 (7th Cir. 2016) (*quoting Turner v. Safley*, 482 U.S. 78, 89 (1987)). However, in order to overcome a First Amendment challenge, a defendant must present "some evidence to show that the restriction is justified." *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 639 (7th Cir. 2005). So Elkins may be able to state a claim based on the destruction of his letters if he can identify a proper defendant.

Elkins alleges he is subject "to strip searches by open homosexuals." ECF 1 at 4. Strip searches and even body cavity searches may be constitutional depending on the circumstances. *See Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 322 (2012). Here, Elkins does not allege the searches are conducted improperly or for improper reasons. He does not allege who conducts the searches. He merely alleges they are conducted by "open homosexuals."

> Guards take control of where and how prisoners live; they do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life. After *Wolfish* and *Hudson*, monitoring of naked prisoners is not only permissible . . . but also sometimes mandatory.
> . . .
> Surveillance of prisoners is essential, as *Wolfish* establishes. Observation of cells, showers, and toilets is less intrusive than the body-cavity inspections *Wolfish* held permissible. Guards do the surveillance. Male guards and female guards too . . ..
> . . .
> [F]emale guards . . . see male prisoners in states of undress. Frequently. Deliberately. Otherwise they are not doing their jobs.

*Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995). So too do openly gay prison guards. And there is nothing unconstitutional about that. Therefore these allegations do not state a claim.

Elkins alleges his calls for emergency help are ignored and he is told by guards they do not have time for him. He does not say when he called for help, why, or who ignored him or responded inappropriately. This allegation might state a claim if Elkins provided more facts and named an appropriate defendant, but as alleged it does not because a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Elkins alleges his grievances are returned late or thrown away. However, being denied access to a prison grievance system does not state a claim. *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015).

He alleges he has been refused prescription medication by a nurse. However, he does not say when, he does not name the nurse, and he does not name the medication nor say when and by whom it was prescribed. As before, the complaint simply does not contain sufficient facts to state a claim.

Finally, he alleges he has been denied religious materials. However, he does not say what materials, when or by whom. He does not clearly identify his religious beliefs nor explain why the lack of access to those materials substantially burdens his ability to practice his religion. Therefore, these allegations do not state a claim.

This complaint does not state a claim. Nevertheless, if Elkins has additional facts and can identify a proper defendant or defendants, he may be able to do so. Therefore, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank **Prisoner Complaint (INND Rev. 8/16) form** and send it to Charles Wesley Elkins;

(2) GRANTS Charles Wesley Elkins until **March 20, 2019**, to file an amended complaint on that form;

(3) CAUTIONS Charles Wesley Elkins if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because this complaint does not state a claim; and

(4) DIRECTS the clerk to send a blank Prisoner Complaint (INND Rev. 8/16) form and a copy of this order to the Saint Joseph County Jail Law Library after highlighting this paragraph on that copy so the Saint Joseph County Jail Law Library can stop distributing copies of the outdated March 2002 Prisoner Complaint form on which this complaint was filed.

SO ORDERED on February 15, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT